UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ESTEBAN ALVAREZ MORA (A-240-170-125),

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, et al.,

Respondents.

No.  1:26-cv-3346 DC CSK

ORDER AND FINDINGS & RECOMMENDATIONS

Petitioner Esteban Alvarez Mora (A-240-170-125), a citizen and native of Costa Rica, was admitted to the United States on October 2, 2022 as a nonimmigrant B-2 visitor for pleasure with authorization to remain for a temporary period not to exceed March 30, 2023.  Petitioner remained in the United States beyond March 30, 2023 without authorization.  Petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE") on March 19, 2025.  Petitioner, proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  This habeas action concerns petitioner's detention.  For the reasons that follow, the Court recommends that respondents' motion to dismiss be granted.

///

---

[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

1

## I.      FACTUAL BACKGROUND

Petitioner is a national and citizen of Costa Rica.  (ECF No. 7-1 at 1.)  On August 5, 2016, petitioner was issued a visa in San Jose, Costa Rica.  (ECF No. 7-2 at 8.)  On October 2, 2022 petitioner was admitted to the United States as a nonimmigrant B-2 visitor for pleasure with authorization to remain for a temporary period not to exceed March 30, 2023.  (ECF No. 7-1 at 1.)  Petitioner remained in the United States beyond March 30, 2023 without authorization.  (Id.)  On March 30, 2023, Costa Rica requested revocation of petitioner's visa to the U.S. State Department, which was revoked the same day.  (ECF No. 7-2 at 8.)  On November 13, 2024, petitioner was referred to ICE.  (Id.)  ICE determined that petitioner was a threat to public safety due to his February 12, 2019 conviction for rape of an eight-year-old child in Costa Rica.  (ECF No. 7-2 at 6; ECF No. 7-3 at 5-11 (Interpol Red Notice)).  On March 19, 2025, ICE located and detained petitioner.  (ECF No. 7-2 at 7.)  Petitioner has been in continuous detention since that time.  (See ECF No. 1.)  On March 19, 2025, petitioner was issued a Notice to Appear and placed into removal proceedings.  (ECF No. 7-1 at 1-2; ECF No. 7-2 at 7-8).

On May 8, 2025, petitioner was provided with a bond hearing before an immigration judge.  (ECF No. 7-4 at 1-2.)  The immigration judge denied bond after finding that petitioner failed to establish that he was "not a danger to the community or such a substantial flight risk that bond should be denied."  (Id.)  In the motion to dismiss, respondents state that it does not appear that petitioner filed an appeal with the Board of Immigration Appeals ("BIA") regarding the May 8, 2025 order by the immigration judge denying bond.  (ECF No. 7 at 2.)

On April 6, 2026, an immigration judge ordered petitioner removed to Costa Rica.  (ECF No. 7-5 at 1-10.)  Petitioner's appeal of the immigration judge's April 6, 2026 order was received by the BIA on April 20, 2026.  (ECF No. 7-6 at 1-2.)  This appeal remains pending.[2]  See

---

[2]  The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites.  Daniels-Hall v. National Education, 629 F.3d 992, 999 (9th Cir. 2010).  The Executive Office for Immigration Review ("EOIR") adjudicates immigration cases, and the EOIR Automated Case Information website is an official website of the United States Government.  The address of this official website is https://acis.eoir.justice.gov/en/.

https://acis.eoir.justice.gov/en/caseInformation.

## II.    PROCEDURAL BACKGROUND

On May 1, 2026, petitioner filed the petition for writ of habeas corpus and a motion to appoint counsel.  (ECF Nos. 1, 3.)  On May 13, 2026, respondents timely filed a motion to dismiss.  (ECF No. 7.)  Petitioner did not file a reply.  (See docket.)  Briefing is now complete.

## III.    LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## IV.    DISCUSSION

Petitioner raises a Fifth Amendment due process claim for prolonged detention that exceeds six months.  (See ECF No. 1 at 18-19.)  Respondents argue that this action should be dismissed because petitioner failed to exhaust administrative remedies.  (ECF No. 7 at 3-5.)

### A.    Exhaustion of Administrative Remedies

In the motion to dismiss, respondents claim that petitioner is detained pursuant to 8 U.S.C. § 1226(a).  (ECF No. 7 at 3-4.)  8 U.S.C. § 1226(a) "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal."  Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022).  Under § 1226(a), the government makes an initial custody determination, and the noncitizen will be released upon a showing "to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding."  Rodriguez Diaz,

3

53 F.4th at 1196 (citing 8 C.F.R. § 236.1(c)(8)).  Section 1226(a) provides "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change."  Id. at 1202.  Therefore, "[i]f the noncitizen is detained under section 1226(a), she is entitled to a bond hearing."  Labrador-Prato v. Noem, 2025 WL 3458802, at *3 (E.D. Cal. Dec. 2, 2025) (citing Jennings v. Rodriguez, 583 U.S. 281, 306 (2018)).  As discussed above, petitioner received a bond hearing on May 8, 2025.

In the motion to dismiss, respondents argue that petitioner failed to exhaust administrative remedies by failing to appeal the immigration judge's May 8, 2025 order denying petitioner's request for bond to the BIA.  (ECF No. 7 at 4.)  Respondents also argue that petitioner can request a new bond hearing based upon a showing of materially changed circumstances.  (Id. (citing Rodriguez Diaz, 53 F.4th at 1207; 8 C.F.R. § 1003.19(e)).  Respondents argue that petitioner makes no argument as to why he should be excused from prudential exhaustion of administrative remedies.  (Id.)

28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus."  Laing v. Ashcroft, 370 F.3d 994, 997 (9th Cir. 2004).  However, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241."  Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012).  Because exhaustion is not required by statute, it is not jurisdictional.  Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), overruled on other grounds by Reno v. Koray, 515 U.S. 50, 54-55 (1995) (citing Morrison-Knudsen Co., Inc. v. CHG Int'l, Inc., 811 F.2d 1209, 1223 (9th Cir. 1987)).  If a petitioner has not properly exhausted his claims, the district court, in its discretion, may "determine whether to excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court."  Id.  "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude

4

the need for judicial review." Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (internal citation and quotation marks omitted).  However, the court may waive the exhaustion requirement when administrative remedies are inadequate, irreparable injury may occur without immediate judicial relief, or exhaustion otherwise would be futile.  Laing, 370 F.3d at 1000-01 ("[D]istrict court's habeas jurisdiction under 28 U.S.C. § 2241 is ordinarily reserved for instances in which no other judicial remedy is available.").

For the following reasons, to the extent petitioner's prolonged detention claim challenges the May 8, 2025 denial of his request for bond by the immigration judge, this Court agrees with respondents that this claim should be dismissed based on petitioner's failure to exhaust administrative remedies.  In Leonardo v. Crawford, 646 F.3d 1157 (9th Cir. 2011), the petitioner was a noncitizen held in immigration detention pursuant to 8 U.S.C. § 1226(a) and filed a petition for writ of habeas in the federal district court under 28 U.S.C. § 2241, alleging that his prolonged detention without a bond hearing violated his due process rights.  See Leonardo, 646 F.3d at 1159.  The district court entered an order directing respondent to hold a bond hearing consistent with the requirements set forth in Casas-Castrillon v. Department of Homeland Security, 535 F.3d 942 (9th Cir. 2008), and refrained from entering judgment on the habeas corpus petition until respondents had reported to the court that such a hearing had been held.  See Leonardo, 646 F.3d at 1159.  Respondents complied with the order and an Immigration Judge held a bond hearing, at which he denied bond upon finding petitioner was a danger to the community.  See id.  The petitioner did not appeal this determination to the BIA, but instead filed in the district court in his pending habeas corpus proceeding a motion for the court to review and reverse the Immigration Judge's bond order, arguing that the bond hearing did not conform to the court's prior order nor satisfy due process.  Id.  The Ninth Circuit held that the petitioner's request should have been denied, and his underlying claim dismissed without prejudice, due to his failure to exhaust administrative remedies by seeking review of the bond decision to the BIA.  See id. at 1160. The Ninth Circuit explained that the statutory and regulatory scheme of § 1226(a)

> entitle[s] [detainees] to a bond hearing before an immigration judge.
> If they are dissatisfied with the IJ's bond determination, they may file
> an administrative appeal so that "the necessity of detention can be

reviewed by ... the BIA." If they remain dissatisfied, they may file a petition for habeas corpus in the district court.

Id. (citations omitted).  As such, it was "improper" for petitioner to employ the "short cut" of seeking review of the immigration judge's bond decision in the district court before seeking review in the BIA.  See id.  Instead, petitioner "should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the immigration judge's decision" and "[o]nce the BIA rendered its decision, [petitioner] could have properly pursued habeas relief in the district court and the district court's decision would have been subject to review in this court."  Id.  Because petitioner had not shown that his request should be excused from the prudential exhaustion requirement, nor that the proceeding should be stayed to permit him to exhaust the new claim, the Ninth Circuit held that the petition should be dismissed without prejudice due to petitioner's failure to exhaust his claim challenging the adequacy of the bond determination.  See id. at 1160-61.

In the instant action, petitioner does not dispute respondents' claim that he failed to appeal the immigration judge's May 8, 2025 decision denying him bond to the BIA.  Petitioner also fails to show why he should be excused from the prudential exhaustion requirement regarding this claim.  Accordingly, to the extent petitioner's prolonged detention claim challenges the May 8, 2025 decision by the immigration judge denying his request for bond, respondents' motion to dismiss this claim based on petitioner's failure to exhaust administrative remedies should be granted.  See id.

To the extent petitioner seeks a second bond hearing, as a remedy for alleged prolonged detention, for the following reason this Court finds that petitioner was required to exhaust administrative remedies as to his request for a second bond hearing and failed to do so.  The procedures for a petitioner seeking a second bond hearing are set forth in 8 C.F.R. § 1003.19(e): "After an initial bond redetermination, an alien's request for a subsequent bond redetermination shall be made in writing and shall be considered only upon a showing that the alien's circumstances have changed materially since the prior bond redetermination."  Petitioner does not claim that he requested a subsequent bond hearing pursuant to the procedures in 8 C.F.R.

6

§ 1003.19(3).  (See ECF No. 1.)  This Court finds that the Puga factors suggest that administrative exhaustion should be required.  First, 8 C.F.R. § 1003.19(3) clarifies that, after an initial bond hearing, a detainee's request for a subsequent bond hearing "shall be made in writing and shall be considered only upon a showing that the alien's circumstances have changed materially since the prior bond redetermination."  8 C.F.R. § 1003.19(e).  "This regulation demonstrates a clearly established administrative scheme designed to address custodial determinations, a practice that includes an appeals process."  See Duc Quoc Bui v. Holder, 2015 WL 3903764, at *3 (E.D. Cal. Jun. 25, 2015) (citing Resendiz v. Holder, 2012 WL 5451162, at *4 (N. D. Cal. Nov. 7, 2012)).  Second, instead of requesting a subsequent bond hearing pursuant to 8 C.F.R. § 1003.19(e), petitioner instead pursued his habeas petition.  To allow petitioners to circumvent the procedures for seeking a subsequent bond hearing "'would encourage the deliberate bypass of the administrative scheme.'"  Duc Quoc Bui, 2015 WL 3903764, at *3 (quoting  Resendiz, 2012 WL 5451162, at *4).  Third, the BIA should have the first opportunity to address any mistakes made in addressing petitioner's request for a subsequent bond hearing.  See Duc Quoc Bui, 2015 WL 3903764, at *4.  Petitioner also fails to identify any valid exception to the requirement that he exhaust administrative remedies by requesting a subsequent bond hearing under the procedures set forth in 8 C.F.R. § 1003.19(e).  Petitioner has not requested that he be excepted from the exhaustion requirement nor has he provided any legal basis for applying such an exception.  For these reasons, this Court finds that petitioner failed to exhaust administrative remedies as to his request for a second bond hearing.  On these grounds, respondents' motion to dismiss petitioner's prolonged detention claim based on petitioner's failure to exhaust administrative remedies regarding his request for a second bond hearing should be granted.  But see Singh v. Barr, 400 F. Supp. 3d 1005, 1013 (S.D. Cal. 2019) (waiving administrative exhaustion requirement under 8 C.F.R. § 1003.19(e) where exhaustion futile because petitioner failed to allege changed circumstances).

V.    MOTION FOR APPOINTMENT OF COUNSEL

Petitioner filed a motion for appointment of counsel.  (ECF No. 3.)  There currently exists no absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105

F.3d 453, 460 (9th Cir. 1996).  Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.  The Court concludes that the interests of justice do not require appointment of counsel, and petitioner's motion for appointment of counsel is denied without prejudice.

**VI.    CONCLUSION**

In summary, the Court recommends that respondents' motion to dismiss be granted.

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for appointment of counsel (ECF No. 3 ) is denied without prejudice.

IT IS HEREBY RECOMMENDED that:

1.  Respondents' motion to dismiss (ECF No. 7) be granted.

2.  The Clerk of the Court be directed to enter judgment in favor of respondents and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **14 days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 8, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Mora3346.157.imm/2