UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTEBAN ALVAREZ MORA (A-240-170-125),<br>Petitioner,<br>v.<br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, et al.,<br>Respondents. | No. 1:26-cv-03346-DC-CSK (HC)<br><br>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS<br><br>(Doc. Nos. 7, 8) |

Petitioner, an immigration detainee proceeding pro se, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 8, 2026, the magistrate judge filed findings and recommendations. (Doc. No. 8.) The magistrate judge found that Petitioner failed to exhaust his administrative remedies and recommended that Respondents' motion to dismiss the petition for a writ of habeas corpus be granted and this action be dismissed. (*Id.*) The findings and recommendations were served on all parties and contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. (*Id.*) On June 24, 2026, Petitioner filed objections to the findings and recommendations. (Doc. No. 9.) Respondents did not file objections.

The court presumes that any findings of fact are correct. *See Orand v. United States*, 602

F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). In accordance with this court's prior decisions, the undersigned will decline to adopt the findings and recommendations and will grant the petition for a writ of habeas corpus and order that Petitioner be released from custody.

This court has held that noncitizens admitted to the United States pursuant to a visa, but not detained within a reasonable time after the expiration of their lawful status, develop a vested liberty interest in remaining free from detention such that due process forbids the government from detaining the noncitizen unless they are first provided with adequate notice and a pre-deprivation hearing before a neutral arbiter at which bond must be considered. *See Oliveira Tinoco v. Albarran*, No. 1:26-cv-05505-DC-CKD, 2026 WL 2949219, at *5–7 (E.D. Cal. Oct. 1, 2026) (granting motion for temporary restraining order and petition for a writ of habeas corpus on due process grounds for the petitioner who had overstayed her visa); *Yang v. Warden, Cent. Valley Annex*, No. 1:26-cv-07250-DC-AC, 2026 WL 2982933 (E.D. Cal. Oct. 5, 2026) (same); *Velasquez Leon v. U.S. Att'y Gen./ICE*, No. 1:26-cv-07221-DC-CKD, 2026 WL 2982950 (E.D. Cal. Oct. 5, 2026) (same).

Petitioner was admitted to the United States pursuant to a visa in 2022. (Doc. No. 7 at 2.) Petitioner's nonimmigrant status pursuant to that visa expired in March 2023 when the U.S. State Department revoked Petitioner's visa pursuant to a request by Costa Rica. (*Id.*) Petitioner was "referred" to immigration and customs enforcement ("ICE") approximately twenty months later in November 2024. (*Id.*) ICE determined Petitioner was a threat to public safety due to a 2019 conviction in Costa Rica. (*Id.*) Four months later, in March 2025, immigration authorities detained Petitioner at his place of employment where he cares for an elderly person. (Doc. No. 7-2 at 7.) The Form I-213 Record of Deportable/Inadmissible Alien associated with Petitioner's immigration detention indicates that he was charged as inadmissible for having overstayed his 2022 visa. (*Id.*) Petitioner was not provided with prior notice or a pre-deprivation bond hearing before his immigration detention. (*Id.*) Petitioner filed this petition for a writ of habeas corpus on May 1, 2026, and seeks relief on due process grounds. (Doc. No. 1.) The court liberally construes

Petitioner's *pro se* petition. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed.") (citation modified).

Respondents neither argue nor explain why notice and a pre-deprivation bond hearing were not, or could not have been, provided to Petitioner when he was not detained until two years after his visa was revoked at Costa Rica's request, and four months after his case was referred to ICE. Further, this court is unpersuaded that Petitioner's purported 2019 crime in Costa Rica renders inapplicable this court's previous determination that similarly situation noncitizens are entitled to notice and a pre-deprivation bond hearing before they can be detained, especially where the government does not provide any explanation or argument in that regard. (*See* Doc. No. 7); *see Yi Yang v. Warden, Cent. Valley Annex*, No. 1:26-cv-07250-DC-AC, 2026 WL 2982933, at *2 (E.D. Cal. Oct. 5, 2026) (finding that release was appropriate for noncitizen detained without pre-deprivation bond hearing where the government "provide[d] the court with no argument as to how [the petitioner's criminal history] has any bearing on this case or the government's act of detaining Petitioner" pursuant to § 1226(a)); *Lucas-Roblero v. Warden*, No. 1:26-cv-06366-DC-CKD, Doc. No. 7 (E.D. Cal. Aug 13, 2026) (ordering immediate release for the petitioner where the respondents made no argument as to the implications, if any, of the petitioner's alleged arrest).

For the reasons articulated in *Oliveira Tinoco*, the undersigned finds that Petitioner's right to due process was violated when he was detained without notice and a pre-deprivation bond hearing. *See Oliveira Tinoco*, 2026 WL 2949219, at *4–7. Further, as this court found in *Oliveira Tinoco*, the proper remedy for Respondents' failure to provide Petitioner with a constitutionally compliant pre-deprivation bond hearing is Petitioner's return to the "status quo ante litem, meaning [Petitioner's] last uncontested status immediately preceding detention." *Id.* at *6 (citation modified).

Accordingly, IT IS HEREBY ORDERED that:

1. The court DECLINES TO ADOPT the findings and recommendations filed June 8, 2026 (Doc. No. 8);

2. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as

follows:

a. Petitioner Esteban Alvarez Mora (A-240-170-125) shall be RELEASED IMMEDIATELY from Respondents' custody with the same conditions he was subject to immediately prior to his current immigration detention. Respondents shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;

b. Respondents shall RETURN all of Petitioner's documents and possessions (e.g., identification, passport, work permit, Social Security card, etc.) upon his release from custody;

c. Within three (3) days from the date of entry of this order, Respondents shall FILE a notice of compliance with this court confirming that Petitioner has been released in accordance with the above;

d. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered; and

e. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

3. Respondents' motion to dismiss (Doc. No. 7) is DENIED;

4. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

/////

/////

/////

/////

/////

5. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 21, 2026**

Dena Coggins
United States District Judge